IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
    )
    vs.    )    Criminal No.  21-34
    )
    )
OSSIE FOSTER,    )
    )
    Defendant.

## **<u>OPINION</u>**

Pending before the court is a motion filed by counsel on behalf of defendant Ossie Foster ("Foster") for temporary release from detention pending sentencing (ECF No. 55), with medical records in support filed under seal (ECF No. 65).   The government filed a response in opposition to the motion (ECF No. 66) and it is ripe for disposition.

<u>Factual and Procedural Background</u>

On November 30, 2021, the court held a video hearing on a waiver of jury trial and entry of a guilty plea in this case.   Foster was found competent and the court found that proceeding by video, at Foster's request, was consistent with the interest of justice.   Foster pleaded guilty to a lesser-included charge at Count 1 of the Indictment; specifically, possession with intent to distribute 100 grams or more of heroin, a quantity of cocaine base, and a quantity of a fentanyl and heroin mixture, on June 13, 2020, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i), (b)(1)(B)(iii) and (b)(1)(C).

Foster faces a statutory mandatory minimum of 5 years in prison.   Sentencing is set for

March 22, 2022.   Sentencing may require an evidentiary hearing because the parties dispute certain sentencing issues.

The government requested that Foster be detained upon his initial arrest, contending that he is a flight risk and a danger to the community (ECF No. 10).   A rebuttable presumption of detention applies.   On March 19, 2021, after a hearing, a magistrate judge ordered that Foster be detained pending trial (ECF No. 33).   The magistrate judge found that Foster did not rebut the presumption that he was a danger to the community and commented that his proposed release plan was not acceptable to the court (ECF No. 33).

Foster filed a motion for reconsideration of that decision, with a revised release plan (ECF No. 34).   The government continued to oppose his release.   The magistrate judge did not rule on the motion.   In light of Foster's guilty plea, the motion for reconsideration of detention pending trial (ECF No. 34) will be denied as moot.

Discussion

Foster filed the pending motion for temporary release (ECF No. 55) the day before his guilty plea.   Because Foster has now admitted his guilt, the presumption of innocence no longer applies.   He seeks release pending sentencing.

Congress enacted a specific statutory provision to address the release or detention of a defendant pending sentence or appeal, 18 U.S.C. § 3143.   That statute provides, in relevant part:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--

(A)  (i) the judicial officer finds there is a substantial likelihood that a motion

for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Foster is not entitled to release pending sentencing under § 3143.   He pleaded guilty to an offense as defined in § 3142(f)(1)(C) (i.e., "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)").   Under subsection (A), the court shall order that a person found guilty of such an offense be detained unless it finds there is: (i) a substantial likelihood of acquittal; or (ii) the government is recommending a sentence of no imprisonment.   § 3143(a)(2)(A).   In Foster's case, there is not a substantial likelihood of acquittal, given his guilty plea, and the government seeks a sentence of imprisonment (he faces a statutory mandatory minimum prison term of 5 years).   Foster, therefore, shall be detained pending sentencing.   The court does not reach the considerations in subsection (B) about risk of flight or danger to the community.

The court is aware that in *United States v. Ford*, No. 2:17-CR-00328, 2021 WL 2322633, at *1–2 (W.D. Pa. June 7, 2021), another member of this court evaluated a similar request for temporary release pending sentencing under 18 U.S.C. § 3142(i).[1]   The court respectfully disagrees with that decision.   Because Congress enacted a statute directly addressing release or

---

1 Under § 3142(i), the court may "permit the temporary release" of a defendant, "in the custody of a United States marshal or another appropriate person, to the extent that [the court] determines such release to be necessary for preparation of the person's defense or another compelling reason."   18 U.S.C. § 3142(i).

detention of a defendant "pending sentencing," 18 U.S.C. § 3143, the statutory provisions in § 3142, which govern release of a defendant "pending trial," do not apply.   Section 3143 does not contain a catch-all provision similar to § 3142(i).

Even if the court were to consider Foster's request under § 3142(i), there would be serious questions about whether Foster demonstrated a compelling reason for temporary release based on his medical condition or rebutted the presumption that he poses a danger to the community.   *See United States v. Mosqueda*, No. CR 16-233, 2017 WL 5157847 (W.D. Pa. Nov. 7, 2017) (denying a request for release pending trial by a defendant confined to a wheelchair) ("Safety of the community is implicated not only by violence, but also by narcotics trafficking.").

The record reflects that Foster is receiving appropriate care, including dialysis three times per week and various medications.   The medical records do not support counsel's assertions about the severity of Foster's medical condition.   Foster has a history of end-stage renal disease secondary to hypertension.[2]   (ECF No. 65 at 4).   He has no prior history of coronary disease or diabetes.   (ECF No. 65 at 5).   The physician progress notes dated November 11, 2021, reflect that Foster's condition is "relatively stable."   (ECF No. 65 at 2).   An electrocardiogram did not show changes consistent with myocardial ischemia and the myocardial perfusion imaging is

---

[2] The court takes judicial notice that end-stage renal disease occurs when chronic kidney disease — the gradual loss of kidney function — reaches an advanced state. In end-stage renal disease, the kidneys no longer meet the body's needs and a patient must have dialysis or a kidney transplant to stay alive. https://www.mayoclinic.org/diseases-conditions/end-stage-renal-disease/symptoms-causes/syc-20354532, last visited December 15, 2021.   Life expectancy on dialysis can vary depending on the patient's other medical conditions and how well the patient follows the treatment plan. Average life expectancy on dialysis is 5-10 years, however, many patients have lived on dialysis for 20 or even 30 years.   https://www.kidney.org/atoz/content/dialysisinfo#how-long-can-you-live-dialysis, last visited December 15, 2021.

probably normal.   (ECF No. 65 at 3).   Foster reported no symptoms during a stress test.   *Id.*
The November 17, 2021 treatment notes from Vallabh Karpe, M.D., reflect that Foster
complained of sudden onset chest and back pain.   A chest x-ray found "no acute
cardiopulmonary abnormality at this time."   (ECF No. 65 at 4-5).   Dr. Karpe agreed with pain
control, but would defer ischemic workup because there is "low suspicion for cardiac ischemia at
this time."   *Id.*   Foster's cardiovascular system had normal rate and regular rhythm.   There was
no respiratory distress.   A Covid-19 test was negative.   (ECF No. 65 at 6).

   The circumstances in *Ford* are distinguishable.   In *Ford*, the court found that the
combination of the COVID-19 pandemic and the defendant's inability to consult effectively with
his counsel regarding the preparation of his upcoming sentencing constituted a "compelling
reason" justifying consideration of temporary release.   The court also concluded that Ford
identified an "appropriate person" to act as a temporary custodian.[3]   The court found that Ford
did not pose a danger to the community or a flight risk. Ford was not accused of a crime of
violence or a crime involving a firearm. Ford's criminal history did not involve crimes of
violence or firearms.   Most notably, the government did not oppose Ford's release.   *Ford*, 2021
WL 2322633, at *2.   In this case, by contrast, the magistrate judge found that Foster poses a
danger to the community; Foster pleaded guilty to a serious drug trafficking offense, such that
the presumption of detention applies; Foster possessed a firearm, ammunition and a bulletproof
vest; and the government opposes Foster's release.

---

[3] The court does not reach the issue whether Foster identified an appropriate custodian, but notes that his
sister was present during the video change of plea hearing.

Conclusion

For the reasons set forth above, Foster's motion for temporary release (ECF No. 55) will be denied without prejudice to reassert if his condition or the conditions of his confinement materially change.

An appropriate order follows.


Dated:   December 17, 2021

/s/ Joy Flowers Conti
Senior United States District Judge

cc:     All counsel of record